UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLWAYNE DUNKLEY,<br><br>                          Petitioner,<br><br>v.<br><br>WARDEN, STEWART DETENTION CENTER, ET AL.,<br><br>                          Respondents. | Case No.: 3:19-cv-02498-AJB-NLS<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER, (Doc. No. 9.)** |

Currently pending before the Court is Petitioner Olwayne Dunkley's ("Petitioner") motion for a temporary restraining order ("TRO"). (Doc. No. 9.) For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motion for a TRO.

**I.  BACKGROUND**

On December 30, 2019, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. According to the petition, Petitioner is a lawful permanent resident who is currently in the custody of ICE and detained in the Stewart Detention Center in Lumpkin, Georgia. (Doc. No. 1 at 4.) Petitioner was charged with removability pursuant to INA § 237(a)(2)(A)(ii) as an individual who has been convicted of two or more crimes involving moral turpitude. (*Id.* at 7.) Petitioner challenges his removability because he contends annoying or molesting a child under 18 years of age, and indecent exposure are not crimes involving moral turpitude under Ninth Circuit authority. (*Id.* at 6–7.)

On January 2, 2020, the Court granted Petitioner in forma pauperis status, (Doc. No. 3), and on January 8, 2020, Petitioner filed a motion for a TRO. (Doc. No. 9.)

## II. DISCUSSION

In his motion for a TRO, Petitioner alleges Respondents intend to transfer Petitioner to different detention facilities throughout the United States in retaliation for filing his habeas petition. (Doc. No. 9 at 2.) Petitioner states that such transfers would result in the loss or destruction of his legal mail and documents, and would prevent Petitioner from accessing the law library. (*Id.*)

A TRO may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b).

Here, Petitioner has not satisfied either procedural requirement. The motion for a TRO does not address the standard for issuance of a TRO, and the relevant factors appear to be incompletely addressed. *See Alliance for Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)) (discussing standards for preliminary injunctive relief). Under either of the two tests used by the Ninth Circuit, merits are a key factor, and neither the petition nor the TRO motion adequately address them. *Funes Suazo v. McAleenan*, No. 19CV1882-LAB (MSB), 2019 WL 4849188, at *1 (S.D. Cal. Oct. 1, 2019).

In particular, Petitioner has not demonstrated immediate and irreparable injury. The motion only says Petitioner believes he will be transferred, but Petitioner does not provide any details as to when or how imminent that may be. In any event, it is well-established that prisoners have no constitutional right to incarceration in a particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 244–48, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

Furthermore, Respondents apparently have no notice of the TRO motion, and the motion does not explain why a TRO should be granted before they can respond. For this reason alone, the motion is subject to denial. *See* Fed. R. Civ. P. 65(b)(1). Only in a narrow range of cases may a court issue a TRO before the opposing party has an opportunity to be heard. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974). This is not such a case.

### III.   CONCLUSION

For the reasons stated herein, Petitioner's motion for a TRO is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  January 10, 2020

Hon. Anthony J. Battaglia
United States District Judge